NO. 07-01-0509-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 6, 2002



______________________________




STEPHEN L. GEHRING CONSTRUCTION, INC. AND



FIDELITY & DEPOSIT COMPANY OF MARLYAND, APPELLANTS



V.



TODD BLACKBURN D/B/A TODD'S HOME REPAIR & REMODELING, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;



NO. l-2965; HONORABLE JAMES W. ANDERSON, JUDGE



_______________________________




ON MOTION FOR ADMISSION PRO HAC VICE




Before BOYD, C.J., and REAVIS and JOHNSON, JJ.



 Pending before this Court is the motion of Dana G. Toole, of the firm of Dunlap &
Toole, P.A. of Tallahassee, Florida, for admission to appear pro hac vice. By the motion,
the attorney seeks permission to appear on behalf of Stephen L. Gehring Construction, Inc.
and Fidelity & Deposit Company of Maryland, appellants herein. The requirements for
participation in Texas proceedings by a non-resident attorney are set out in Rule XIX of the
Rules Governing Admission to the Bar of Texas, adopted by the Texas Supreme Court and
effective since June 30, 1992. Among other things, paragraph (a) provides that a request
to appear pro hac vice be made by sworn motion and sub-paragraph (2) requires that the
motion contain the name, bar card number, address, and telephone number of an attorney
licensed in Texas who will be associated in the Texas proceeding; however counsel's
motion does not comply with Rule XIX. Accordingly, the motion for admission pro hac vice
is overruled without prejudice to the submission of a motion in compliance with Rule XIX
within fifteen days of the date of this order.

 It is so ordered.

 Per Curiam

 

Do not publish. 

 

 

 



       On June 5, 2009, appellant, Peter D. Wagner, filed his notice of appeal. By letter
dated June 8, Wagner was informed by the trial court clerk, as to the costs for the
preparation of the clerk’s record. On July 24, Wagner was informed of the transfer of his
case from the Third Court of Appeals to the Seventh Court of Appeals and informed that
all future correspondence was to be addressed to the Seventh Court of Appeals. On
August 12, Wagner was informed by this court of his continuing failure to make
arrangements for the preparation of the clerk’s record as well as his failure to request the
reporter’s record. On that date, Wagner was given the opportunity to pay or make
arrangements for the preparation of the clerk’s record, Tex. R. App. P. 37.3(b), as well as
pay or make arrangements for the preparation of the reporter’s record, Tex. R. App. P.
37.3(c). Wagner was informed that failure to make the appropriate arrangements by
September 1, 2009, could result in the dismissal of his appeal for want of prosecution. 
Tex. R. App. P. 37.3(b).
           As of this date, the Court has not received any response from Wagner. Accordingly,
this appeal is dismissed. Tex. R. App. P. 42.3.
 
                                                                           Mackey K. Hancock

                                                                                      Justice